UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CARLTON B. PARKS, )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>JEFFERY J. LYASH, *President and Chief* )<br>*Executive Officer of the Tennessee Valley Authority,* )<br>*et al.* )<br>    *Defendants.* ) | Case No. 1-19-cv-00349-MFL-CHS |

## REPORT AND RECOMMENDATION

**I.    Introduction**

This matter is before the Court upon Plaintiff's motion for leave under Fed. R. Civ. P. 15(a) to amend the First Amended Complaint and file a Second Amended Complaint. [Doc. 31]. For reasons that follow, the Court finds that Plaintiff's motion to amend the First Amended Complaint is futile because the claims he seeks to add are time-barred by the one year statute of limitations applicable to federal civil rights actions found in Tenn. Code Ann. § 28-3-104. Therefore, it is **RECOMMENDED** that the motion to amend be **DENIED**.

**II.    Facts**

This action arises from Plaintiff's employment as a security guard at certain facilities owned by the Tennessee Valley Authority (TVA) until his termination on October 3, 2014. Plaintiff alleges, *inter alia*, that he was jointly employed by TVA and Murray Guard, Inc. During such employment, he was subjected to race and age discrimination during his employment, finally culminating in his wrongful termination. He already asserts a number of federal and state causes

of action in his First Amended Complaint. [Doc. 17].[1] The Court will discuss the facts alleged in the Proposed Second Amended Complaint only as they are relevant to this pending motion to amend [Doc. 31].

On June 2, 2014, Plaintiff filed a formal complaint against his immediate supervisor alleging race discrimination. [Doc. 32, Proposed Second Amended Complaint ¶ 25]. On December 7, 2016, TVA released its EOC Report of Investigation, TVA-2014-0089 (TVA Report). [*Id*. ¶ 26]. According to Plaintiff, the TVA Report revealed that the Individual Defendants: (1) failed to take action to stop Plaintiff's immediate supervisor from harassing him on the basis of his race; (2) affirmatively acted to have Plaintiff terminated from his job as a security guard on the basis of his race; and (3) affirmatively acted to deny Plaintiff the opportunity to receive the Sensitive Security Clearance he needed to work in other TVA facilities on the basis of his race. [*Id*. ¶¶ 26-47]. Plaintiff further alleges:

> Plaintiff had no knowledge of Defendants' misconduct or involvement until December 7, 2016, when TVA released its Report of Investigation (TVA 2014-0089) conclusion. Defendants' [sic] systematically kept Plaintiff in the blind. TVA, employees, Attorney's [sic], and EOC Department concealed relevant documents and hid its involvement and misconduct.

[*Id*. ¶ 32].

### III.   Discussion

In his motion, Plaintiff states he seeks to add the following claims against all Defendants: (1) a "Bivens Act for Deprivation of Rights under the U.S. Constitution's 1st Amendment (Freedom of Speech) and 14th Amendment (Equal Rights and Protection Clause under Law)"; (2)

---

[1] The alleged facts and asserted causes of action as stated in the First Amended Complaint [Doc. 17] are discussed in some detail in this Court's Report and Recommendation addressing the Defendants' Motion to Dismiss. [*See* Doc. 30, Report and Recommendation]. The District Court subsequently adopted this Report and Recommendation [*see* Doc. 34, March 16, 2021 Order] dismissing Plaintiff's Title VII and Age Discrimination in Employment claims against the Individual Defendants. The District Court denied the Defendants' Motion to Dismiss Plaintiff's claims brought under 42 U.S.C. §§ 1981, 1981(a) and Plaintiff's claims brought under Tennessee law. [*Id*.].

a claim "under 42 U.S.C. § 1985(3) (Conspiracy to Interfere with Civil Rights and Depriving Persons of Civil Rights and Privileges)"; and (3) a claim against all Defendants "under 42 U.S.C. § 1986 (Duty to Neglect to Prevent)" for failing "to stop, cease and or prevent" TVA's employees or "each other's improper, discriminatory, and retaliatory conduct towards Plaintiff." [Doc. 31, Plaintiff's Motion to File Second Amended Complaint at 1-2, (parentheses and capitalization is original)]. Plaintiff asserts that allowing this amendment will not prejudice Defendants because the new claims are based on the same facts, conduct, circumstances, transactions and occurrences as the claims currently stated in the First Amended Complaint. [*Id*. at 2].

In arguing that his Federal Claims are not time barred, Plaintiff relies upon the release of TVA's December 7, 2016, EOC Report of Investigation; the filing of his original complaint on December 6, 2019; and an assertion that the applicable limitations period is three years. According to Plaintiff, the limitations period for his Federal Claims did not begin to run until December 7, 2016—the date he asserts he discovered the underlying facts for the Federal Claims in TVA's EOC Report of Investigation. Implicit in Plaintiff's argument is that the Federal Claims relate back to the filing of his original complaint pursuant to Fed. R. Civ. P. 15(c). Plaintiff asserts that the three year limitations period in Tenn. Code Ann. § 28-3-105 applies, and, therefore, since his original complaint was filed on December 6, 2019, his Federal Claims are not time-barred. Finally, Plaintiff also argues in his reply brief that he could not file his action in federal court until he received a right to sue letter from the EEOC which he did not receive until October 30, 2019. [Doc. 37, Pl.'s Reply brief at 5].

Defendants contend that Plaintiff's *Bivens*, Section 1985(3), and Section 1986 claims (Federal Claims) are barred by the one year limitations period for federal civil rights actions found in Tenn. Code Ann. § 28-3-104. Defendants contend Plaintiff's Federal Claims accrued when he

was fired on October 3, 2014. Nevertheless, they assert that, even if the limitations period did not begin to run until TVA released its EOC Report of Investigation on December 7, 2016, and even if the Federal Claims relate back to the original complaint filed on December 6, 2019, the Federal Claims are still time-barred because the appropriate limitations period is one year.

The Court finds that it is unnecessary to address whether the proposed Federal Claims relate back to the original complaint or whether the limitations period did not begin to run until December 7, 2016, because even if they did, the one year statute of limitations found in Tenn. Code Ann. § 28-3-104 bars Plaintiff's Federal Claims.

Tenn. Code Ann. § 28-3-104 states in relevant part: "the following actions shall be commenced within (1) one year after the cause of action accrued: . . . (B) Civil actions for compensatory or punitive damages, or both, brought under federal civil rights statutes. . . .")[2] It is well established that a *Bivens* claim and claims brought under 42 U.S.C. §§ 1985 and 1986 arising in Tennessee are governed by the one year limitations period in Tenn. Code Ann. § 28-3-104. In *Zundel v. Holder*, 687 271, 281 (6th Cir. 2012), the Sixth Circuit held that the one year statute of limitations period found in Tenn. Code Ann. § 28-3-104 applies to *Bivens* actions arising in Tennessee alleging deprivations of federal constitutional rights. *See also Diggs v. United States Dep't. of Air Force*, No. 3:20-cv-16, 2021 WL 1015842, at *4 (M.D. Tenn. Feb. 23, 2021) ("In Tennessee, the applicable statute of limitations for *Bivens* claims is one year"); *Sullivan v. Carrington*, No. 2:19-CV-49; 2019 WL 9799189, at *3 (E.D. Tenn. Nov. 26, 2019) (same).

---

[2] Tenn. Code Ann. § 28-3-105 states:
**Torts; property**
The following actions shall be commenced within three (3) years from the accruing of the cause of action:
(1) Actions for injuries to personal or real property;
(2) Actions for the detention or conversion of personal property; and
(3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability.

In *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997), the Sixth Circuit held that the one year limitations period in Tenn. Code Ann. § 28-3-104 for actions brought under federal civil rights statutes applies to Section 1985 and Section 1986 actions arising in Tennessee.[3] *See also Kessler v. Bd. of Regents*, 738 F.2d 751, 754 (6th Cir. 1984) (same)*; Bibbs v. Parkridge Hosp., Inc.*, 4 F. App'x 243, 244-45 (6th Cir. 2001) (same).

Finally, contrary to Plaintiff's argument that he must receive a right-to-sue letter from the EEOC before filing his Federal Claims, there is no exhaustion of remedies requirement applicable to Section 1985 or Section 1986 claims. *Kessler*, 783 F.2d at 755 ("we already have held that the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods" for Sections 1983, 1985 and 1986) (citing *Wright v. State of Tennessee*, 628 F.2d 949, 951 (6th Cir.1980)). The right-to-sue letter requirement applies to his Title VII claim, s*ee Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018), but Plaintiff has cited no authority—and the Court could find none—that supports its application to his Federal Claims.

## IV.   Conclusion

For the reasons stated herein, the Court finds Plaintiff's proposed *Bivens* claim, Section 1985 claim and Section 1986 claim are barred by the one year statute of limitations for federal civil rights actions arising in Tennessee found in Tenn. Code Ann. § 28-3-104(a)(1)(B). Therefore,

---

[3] In 1997, Tenn. Code Ann. § 28-3-104(a)(3) (effective to June 30, 2014), provided that "Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes" are subject to a one year statute of limitations. Tenn. Code Ann. § 28-3-104 has been revised three times subsequent to the Sixth Circuit's decision in *Merriweather*, however, these revisions have not altered the limitations period for federal civil rights actions arising in Tennessee. In each revision, Tenn. Code Ann. § 28-3-104 provides that "[c]ivil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes" are subject to a one year limitations period. *See* Tenn. Code Ann. § 28-3-104(a)(3) (effective July 1, 2014 to June 30, 2015); Tenn. Code Ann. § 28-3-104(a)(1)(B) (effective July 1, 2015 to June 30, 2017); Tenn. Code Ann. § 28-3-104(a)(1)(B) (effective July 1, 2017).

it is **RECOMMENDED** that Plaintiff's motion for leave to amend the First Amended Complaint and file a Second Amended Complaint be **DENIED**.

ENTER.[4]

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

.

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).