# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

CARLTON B PARKS,                      )
*Plaintiff*,                          )
                                      )
v.                                    )     No. 1:19-cv-349-TRM-CHS
                                      )
JEFFREY J. LYASH, et al.,             )
*Defendants*.                         )

## O R D E R

This matter is before the Court on Plaintiff's Third Motion to Compel and for Sanctions [Doc. 98], Defendants' Motion to Quash Plaintiff's Subpoena for Deposition and for Protective Order [Doc. 103], and Plaintiff's Motion to Strike Defendants' Motion to Quash and for a Protective Order [Doc. 110]. The Court conducted a hearing on these motions on June 14, 2022, in which Plaintiff Carlton Parks represented himself, and Attorneys Lamont Belk and Courteney Barnes-Anderson represented Defendants.

## I.     Plaintiff's Third Motion to Compel and for Sanctions [Doc. 98]

### A.     Verification

Plaintiff asserts that Defendants' answers to interrogatories have not been properly signed by Defendants. Attorney Belk, in-house counsel for Tennessee Valley Authority ("TVA"), represents to the Court that he signed the interrogatory responses on behalf of Defendant "Jeffrey Lyash as President and CEO of the Tennessee Valley Authority" pursuant to Fed. R. Civ. P. 33(b) and 28 U.S.C. § 1746. The Court finds Attorney Belk, as in-house counsel for TVA, may verify interrogatories on behalf of Defendant Lyash—who has been sued only in his official capacity as President and CEO of TVA—pursuant to 28 U.S.C. § 1746; however, in verifying such responses,

he must use the express language required by § 1746, to wit, "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."

Attorney Belk's verification does not include the language required by 28 U.S.C. § 1746. Rather, his verification reads as follows:

Pursuant to 28 U.S.C. § 1746, I, Lamont A. Belk, declares as follows:

1. I am employed by TVA, and am an attorney of record in this action. I am the agent of Defendant for the purposes of making this verification.

2. I have read the foregoing discovery responses, and the answers are true and correct to the best of my knowledge, information, and belief based upon responses and information supplied to me by others, as well as based upon my search for documents that are generally available to TVA employees.

Executed this 26th day of April, 2022.

Attorney Belk did not use the precise operative language required by § 1746. Consequently, the Court will require that Attorney Belk provide a new verification—employing the specific language required by 18 U.S.C. § 1746—for the interrogatory responses prepared on behalf of Defendant Lyash/TVA.

Defendant also contends that the individual Defendants did not properly verify their interrogatory responses. In this contention, he is again correct. The individual Defendants—John Terry, Edward L. Spoone, Kristi Fox, Jamie L. Lynch—had two options in verifying their interrogatory responses. First, they could have signed the responses and had their signatures notarized under Fed. R. Civ. P. 33. Or, second, they could verify the interrogatory responses "under penalty of perjury" pursuant to 28 U.S.C. § 1746. Here, the individual Defendants did neither. They did attempt to verify the interrogatory responses; however, they did not do so "under penalty of perjury." Consequently, the Court will require that the individual Defendants provide new verifications of their interrogatory responses by one of the methods described above.

**B.    Substantive Content of Discovery Responses**

In Plaintiff's Third Motion to Compel and for Sanctions [Doc. 98], Plaintiff also asserts that many of Defendants' responses to his discovery requests are insufficient. Fed. R. Civ. P. 37(a)(1) requires:

> (1) ***In General.*** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Plaintiff's third motion to compel did not include a certification that he had met and conferred with Defendant's counsel before filing such motion. At the hearing, Defendant admitted that he had not attempted to meet and confer with Defendants' counsel to resolve this discovery dispute before he filed his Third Motion to Compel. At a previous hearing on another motion to compel filed by Plaintiff, the Court had admonished him to fulfill the meet-and-confer requirement of Rule 37(a)(1). Plaintiff did not heed the Court's admonition. Because Plaintiff did not attempt to meet and confer with Defendants' counsel before filing his third motion to compel, this motion is denied (with the exception that Defendants shall provide the appropriate signatures under oath for their interrogatory answers as previously stated).

**II.    Defendants' Motion to Quash Plaintiff's Subpoena for Deposition and for Protective Order [Doc. 103] and Plaintiff's Motion to Strike Defendants' Motion to Quash and for a Protective Order [Doc. 110].**

Plaintiff served notices/subpoenas to TVA seeking to depose: (1) TVA's Chief Executive Officer, Jeffrey Lyash; and (2) a 30(b)(6) witness from TVA who was to be questioned on a variety of topics. Defendants move to quash those notices/subpoenas. Plaintiff asks the Court to strike Defendants' motion.

The Court finds that Jeffrey Lyash was not employed by TVA at the time of the events giving rise to this action. He has been named in this lawsuit solely in his official capacity as the "President and CEO of TVA." He is not a fact witness in this case, nor is he in a position to know about TVA's employment and security clearance policies and practices in place at that time of the events giving rise to Plaintiff's lawsuit. In short, he has no direct information about the claims and defenses in this lawsuit.

Fed. R. Civ. P. 26(b)(2)(C) provides:

(C) ***When Required***. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
   i.    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
   ii.   The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
   iii.  The proposed discovery is outside the scope permitted by Rule 26(b)(1).

The Court finds that Defendant Lyash does not possess information that is relevant to the claims and defenses in this case, and further, that the discovery sought by Plaintiff through his deposition can be obtained from other sources that are more convenient and less burdensome. For these reasons, the Court will not require Mr. Lyash to be deposed.

As to Plaintiff's notice/subpoena to take the deposition of a Rule 30(b)(6) witness, the Court notes that Plaintiff sent the 30(b)(6) deposition notice/subpoena to TVA's counsel on May 25, 2022, for a deposition which was to take place on May 27 or 31, 2022. As a general matter, the Court observes that this notice/subpoena failed to provide an appropriate amount of time for defense counsel to identify and prepare one or more Rule 30(b)(6) deponents for depositions; however, that issue is moot given the specific circumstances existing here.

TVA represents that the fact witnesses whom Plaintiff did depose on May 27 and May 31, 2022, are precisely the witnesses whom Defendants' counsel would have designated to address the Rule 30(b)(6) topics identified by Plaintiff in his deposition notice/subpoena. In other words, Plaintiff's proposed Rule 30(b)(6) topics overlapped completely with the topics he covered during the fact witness depositions he conducted on those two days. At the hearing, the Court confirmed—by querying Plaintiff—that the four witnesses whom Plaintiff deposed on May 27 and 31 did possess subject matter expertise with respect to the topics listed in his Rule 30(b)(6) deposition notice/subpoena, and they did testify on those subjects in response to the questions he asked them during their depositions. To be clear, Plaintiff indicated that did not agree with many of their responses—but he did have an opportunity to question them.

The Court concludes that the discovery sought by Plaintiff in his Rule 30(b)(6) deposition notice/subpoena is unreasonably cumulative and duplicative, and that he had ample opportunity to obtain the information sought through the depositions that were conducted. Had Defendants produced witnesses in response to the Rule 30(b)(6) deposition notice/subpoena, they would have been the same witnesses whom Plaintiff deposed on May 27 and 31. So, Plaintiff was not prejudiced by Defendants' failure to produce additional witnesses who were designated as Rule 30(b)(6) witnesses.

Finally, the Court notes that the discovery deadline in this case was May 31, 2022 [See Doc. 61]. Plaintiff did not serve his notice/subpoena for a Rule 30(b)(6) deposition until the afternoon May 25, 2022. Simply put, by serving his subpoena so close to the discovery deadline, Plaintiff did not build in enough time for the Court to address any potential discovery dispute and provide a ruling prior to the discovery deadline. At this point, discovery in this case is closed and the Court will not re-open discovery for additional depositions.

For the foregoing reasons, the Court will grant Defendants' Motion to Quash and for a Protective Order [Doc. 103] and will deny Plaintiff's Motion to Strike Defendants' Motion to Quash and for a Protective Order [Doc. 110].

## III. Conclusion

For the reasons stated herein, it is **ORDERED** that:

1. By Wednesday**, June 22, 2022**, each Defendant shall provide Plaintiff with a copy of his/her responses to Plaintiff's interrogatories signed under oath by each individual Defendant and verified by a notary (or, alternatively verified under penalty of perjury using the language prescribed in 18 U.S.C. § 1746), except that Attorney Belk may verify Attorney Lyash's interrogatory responses using the language prescribed in 18 U.S.C. § 1746.

2. Defendants' Motion to Quash Plaintiff's Subpoena for Deposition and for Protective Order [Doc. 103] is **GRANTED**.

3. Plaintiff's Motion to Strike Defendants' Motion to Quash and for a Protective Order [Doc. 110] is **DENIED**.

4. The discovery period closed on May 31, 2022. The parties may not conduct additional discovery except by agreement among themselves or by receiving express permission from the Court.

5. The Court declines to impose sanctions against Plaintiff or Defendants in connection with the referenced motions.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE